IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TRANSCONTINENTAL GAS PIPE LINE CO., LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO. 2:17-CV-12-WKW [WO] |
| A PARCEL OF LAND COMPRISING 6.896 ACRES OF LAND, etc., *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is the Motion to Confirm Condemnation of Easements and for Preliminary Injunction and Permanent Injunction Authorizing Immediate Entry filed by Plaintiff Transcontinental Gas Pipe Line Co., LLC ("Transco"). (Doc. # 3.) Transco has filed a brief in support of its motion (Doc. # 4), and Chilton County, Alabama—the owner of the land that Transco seeks to condemn—has filed a response to the motion, but declined to "submit any factual, statutory, or other legal authority in opposition" (Doc. # 13 at 4). Transco's motion is due to be granted to the extent that Transco has shown that it is entitled to a preliminary injunction.

Transco invokes the court's subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*,

a federal statute. The Act's jurisdictional provision, § 717f(h), empowers federal courts to hear eminent domain actions where the owner of the property claims the amount owed for condemning the property exceeds $3,000. In its answer, Chilton County admitted that the land to be condemned exceeds this threshold value. (Doc. # 10 ¶ 4; *see* Doc. # 1 ¶ 4.) The court therefore has subject-matter jurisdiction over this matter.

Section 717f(h) sets forth three prerequisites for the exercise of eminent domain by a natural-gas company like Transco. *See* § 717a(6) (defining "natural-gas company"). Such a company can only use the federal power of eminent domain to acquire property when (1) the company is the holder of a Federal Energy Regulatory Commission ("FERC" or the "Commission") Certificate authorizing a project, (2) FERC has determined that the property is necessary for the project, and (3) the company is unable to acquire the property by contract. § 717f(h).

Transco meets all three § 717f(h) requirements. First, Transco holds a valid FERC Certificate. (Doc. # 1-2.) Second, FERC has given its blessing to "the route of the [pipeline] Project, the size of the pipeline, [and] the size and location of the easements required *including this particular parcel*." (Doc. # 4 at 12 (emphasis added); *see also* Doc. # 1-2 (analyzing at great length the need for and impacts of the pipeline project).) And third, Transco and Chilton County have been unable to contract for the creation of the easement that Transco now seeks to condemn. (Docs.

# 4 at 12, 13 at 2–3.) Therefore, because Transco has established that all three requirements are met, its motion for condemnation is due to be granted.

Transco also seeks a preliminary injunction allowing it an immediate right of entry onto the condemned land, such that it can begin construction in time to meet its in-service date.[1] A party is entitled to a preliminary injunction where it establishes "(1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable injury unless the injunction is issued; (3) that the threatened injury outweighs possible harm that the injunction may cause the opposing party; and (4) that the injunction would not disserve the public interest." *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015) (citing *Burk v. Augusta–Richmond Cty.*, 365 F.3d 1247, 1262–63 (11th Cir. 2004)). "[A] preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." *Id.* (quoting *Suntrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165, 1166 (11th Cir. 2001)). Transco has carried its burden on all four preliminary-injunction prerequisites, and therefore its motion is due to be granted.

---

[1] As a threshold matter, it should be noted that courts regularly grant immediate possession to natural-gas companies after a demonstration that eminent domain applies. *See, e.g.*, *Alliance Pipeline L.P. v. 4.36 Acres of Land, More or Less*, 746 F.3d 362, 368–69 (8th Cir. 2014); *Columbia Gas Transmission, LLC v. 1.01 Acres*, 768 F.3d 300, 315–16 (3d Cir. 2014); *E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004); *see also Sabal Trail Transmission, LLC v. 7.72 Acres*, Case No. 3:16-CV-173-WKW, slip op. at 22 n.15 (M.D. Ala. June 3, 2016) (listing cases).

First, Transco has established a substantial likelihood of success on the merits. The company holds a valid FERC Certificate, which confers the right to condemn the property at issue. (*See* Doc. # 1-1.) Second, because of the highly coordinated and sequential nature of pipeline construction, even a slight delay would irreparably harm Transco by jeopardizing its ability to meet the in-service date. (Doc. # 4-1 ¶ 12 ("Construction of a highly regulated natural gas pipeline is a process that goes significantly beyond simply digging a trench and laying the pipe.").) Third, granting an immediate right of entry would not compromise Chilton County's property rights, and Transco stands to incur up to $150,000 in costs for even a one-day delay (Doc. # 4-1 ¶ 15); the threatened injury to Transco outweighs the potential harm from granting the injunction. And fourth, a preliminary injunction would be in the public interest. In the FERC Certificate, the Commission found "that the public convenience and necessity requires approval of Transco's . . . [pipeline] proposals." (Doc. # 1-2 at 29.) Transco also urges that an unnecessary delay would impede public access to energy deliveries. (Doc. # 4 at 15–17.) Transco therefore meets all four prerequisites for a preliminary injunction, and its motion for the injunction is due to be granted.

Because immediate possession is appropriate, Transco will be required to post a security bond as to the property at issue. Fed. R. Civ. P. 65(c) (conditioning the grant of a preliminary injunction on the posting of a security bond). Transco

contends that $7,930.00 represents "just compensation for the value of the entire easement and right-of-way identified in Exhibit 'A' [attached to its complaint]." (Doc. # 1 ¶ 15; *see also* Doc. # 7 (proffering a compensation fund of $7,930.00.)  In prior condemnation cases, the court has conditioned immediate entry on the posting of a bond in the amount of three times the appraised value of the easements.  *See Sabal Trail Transmission, LLC v. 7.72 Acres*, Case No. 3:16-CV-173-WKW, slip op. at 15 (M.D. Ala. June 20, 2016).  Therefore, Transco will be required to post a security bond in the amount of $23,790.00 before it can enter the property it seeks to condemn.  Finally, because this security bond meets the deposit requirement of Federal Rule of Civil Procedure 71.1(j), Transco's Motion to Establish Fund for Compensation to Be Paid To Landowner and Procedures for Payment of Funds by Clerk (Doc. # 7) will be denied as moot.

      Accordingly, it is ORDERED as follows:

      1.    Insofar as Transco's motion seeks confirmation of the condemnation of the property described in Exhibit A to Transco's complaint (Doc. # 1-1), the motion (Doc. # 3) is GRANTED;

      2.    Insofar as Transco's motion seeks a preliminary injunction authorizing immediate entry onto the condemned property, the motion (Doc. # 3) is GRANTED;

3. Insofar as Transco's motion seeks a permanent injunction authorizing entry onto the condemned property, the motion (Doc. # 3) is DENIED without prejudice;

4. Transco shall deposit in the registry of the court $23,790.00. Upon the posting of a proper security bond with the Clerk of this Court, Transco shall have immediate access to the easement as described in Exhibit A to its complaint (Doc. # 1-1) for the purpose of conducting pre-installation activities and constructing the pipeline in accordance with the terms of the FERC Certificate;

5. The Clerk of the Court is DIRECTED to place any funds, if and when received, in an appropriate interest-bearing account; and

6. Transco's motion to establish a compensation fund (Doc. # 7) is DENIED as moot.

DONE this 2nd day of February, 2017.

                                        /s/ W. Keith Watkins  
                              CHIEF UNITED STATES DISTRICT JUDGE